No. A-CV-08-82

## COURT OF APPEALS OF THE NAVAJO NATION

August 6, 1982

Tommy C. BEGAY, SR., Appellant.

vs.

Irene B. BROWN, Appellee.

ORDER DISMISSING APPEAL

Albert Hale, Esq., Window Rock, Navajo Nation (Arizona) for appellee and Lawrence A. Ruzow, Esq., Ruzow & Sloan, Window Rock, Navajo Nation (Arizona) for appellant.

7 NTC Sec. 801(b) requires the Chief Justice to decide whether there is probable cause to grant an appeal. This is an appeal from a forcible entry and detainer action in which the trial court granted a default judgment.

This case arises out of the divorce of Irene B. Brown (formerly Begay) and Tommy C. Begay, Sr. The divorce decree granted a farm project plot to Irene Brown, and subsequently there was litigation in the form of contempt proceedings and proceedings surrounding the issuance of a writ of execution. Having failed to be able to use the tools of contempt or a writ of execution, Mrs. Brown brought a forcible entry and detainer action to regain the farm plot, which Mr. Begay continued to use.

The trial court issued a summons which required a "written answer," and Mr. Begay chose to appear and answer at the time of the hearing by means of a motion to dismiss. Mrs. Brown asked the court for summary judgment on the merits, but the court denied that motion and entered a default judgment in her favor for the failure of Mr. Begay to file a formal written answer.

The court will address the first contention Mr. Begay makes on appeal that the writs statute (7 NTC Sec. 705) and the statute of limitations (7 NTC Sec. 602) absolutely bar Mrs. Brown from regaining her land under the divorce decree due to the passage of time. The Chief Justice finds there is utterly no merit to this contention, and no probable cause to allow an appeal as to it. As is admitted by Mr. Begay in his appeal brief, the Navajo courts do grant relief in the form of writs of assistance. 7 NTC Sec. 255 gives the courts the power to issue any writ or order which may be necessary to exercise jurisdiction. A divorce decree granting a property right would be of little

use unless it could be enforced, and individuals will not be permitted to flaunt a proper order of a court at will. There may be limitations problems with compelling a defendant to pay back rents or profits from lands, but the decree of a court as to the ownership of land should be enforcible.

The argument that the passage of time from the date of the entry of the decree bars an action to enforce the decree also fails, because the obligation of Mr. Begay to respect Mrs. Brown's rights to the land are continuing and may be enforced at any time. His occupation of her land is in the form of a continuing trespass. Therefore the count in the appeal as to limitations is dismissed.

The matter of the reason for the relief granted below is more troublesome. The Chief Justice is of the opinion Mrs. Brown has a remedy by means of contempt, in addition to other remedies including forcible entry and detainer. Mr. Begay complains that a default judgment was improperly granted, and he is correct. Normally this question would be presented to the entire Court of Appeals as a question of law, but the attorney for Mrs. Brown has failed to file a brief and answer as required by our rules. Because of that Mr. Brown's attorney has asked for a summary reversal of this case - in effect a default judgment on appeal.

The Chief Justice is inclined to find a lack of probable cause on the entry of the default given the fact there was a motion for summary judgment below. The lack of probable cause would be based upon a finding of harmless error in the trial court. However the record does not reflect whether there was a fair opportunity for all parties to be heard on that motion and whether there was sufficient information before the court to grant such a motion.

The Chief Justice is reluctant to grant a motion for a summary ruling on the merits, as opposed to a ruling of whether or not there is probable cause to grant an appeal, however, given the fact there is no probable cause to grant an appeal on one count, the fact there may be a lack of probable cause to grant an appeal due to harmless error, and the failure to file an answer to the appeal, that relief will be granted.

Therefore the Court of Appeals makes its orders as follows:

1. An appeal as to the contentions raised in section II of the appellant's brief on appeal is hereby DENIED:

2. This cause is remanded to the District Court for the Shiprock District for a determination as to whether this matter may be resolved by means of summary judgment or a new trial;

3. This cause is further remanded for proceedings consistent with this opinion;

4. This court shall retain jurisdiction of this appeal for the purpose of an expedited appeal on the matters discussed in this opinion.